**Fill in this information to identify your case:**

Debtor 1: Letricia Ann Johnson
First Name / Middle Name / Last Name

Debtor 2: _____
(Spouse, if filing) First Name / Middle Name / Last Name

United States Bankruptcy Court for the Northern District of Georgia

Case number (if known): 19-69984

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

2.1; 3.2; 4.3

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.***

| | | Included | Not Included |
|---|---|---|---|
| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☑ Included | ☐ Not Included |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☑ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not Included |

Debtor   Letricia Ann Johnson                                        Case number  19-69984

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |

**§ 2.1   Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:   ☐ 36 months   ☒ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $2,500.00 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☒ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

| **Beginning on** *(insert date)*: | **The Regular Payment amount will change to** *(insert amount)*: | **For the following reason** *(insert reason for change)*: |
|---|---|---|
| December 2021 | $2,613.00 per month | Completion of P&B Rentals Lease-Purchase |

**§ 2.2   Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☒ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3   Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:
_____

**§ 2.4   Additional Payments.**

*Check one.*

☒ **None.**   If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**§ 2.5   [Intentionally omitted.]**

**§ 2.6   Disbursement of funds by trustee to holders of allowed claims.**

   **(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

   **(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

   **(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

      (A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and

orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursements after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| **Part 3:** | **Treatment of Secured Claims** |
|---|---|

**§ 3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | **Estimated amount of arrearage** (if any) | **Interest rate on arrearage** (if applicable) | **Monthly plan payment on arrearage** |
|---|---|---|---|---|
| Wells Fargo Home Mortgage | 1240 Huntington Place Cir, Lithonia, GA 30058 | $3,165.39 | 0.00 % | $50.00 to increase to $125.00 in January 2021 |

**§ 3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☒ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| + | Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|---|
| - | ☐ | Ford Motor Credit Company | $31,621.00 | 2016 Ford F150; 03/18/2017 | $27,300.00 | $0.00 | $27,300.00 | 7% | $270.00 | $270.00 to increase to $794.00 in January 2021 |
| - | ☐ | Performance Finance | $15,022.00 | 2016 Indian Motorcycles Chief Vintage; 11/05/2016 | $13,805.00 | $0.00 | $13,805.00 | 5.75% | $150.00 | $150.00 to increase to $350.00 in January 2021 |

§ 3.3    **Secured claims excluded from 11 U.S.C. § 506.**

*Check one*.

☐ **None.**  *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| + | Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|---|
| - | Bridgecrest Credit Company, LLC | 2016 Ford Fiesta | 03/14/2018 | $11,445.00 | 5.75% | $150.00 | $150.00 to increase to $296.00 in January 2021 |
| - | OneMain Financial | 2006 Harley-Davidson FLST Heritage Softail | 02/13/2019 | $15,174.00 | 5.75% | $150.00 | $150.00 to increase to $350.00 in January 2021 |

Debtor   Letricia Ann Johnson                                    Case number   19-69984

| + | Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|---|
| - | Systems & Services Technologies, Inc. | 2015 Salem 28RLDS | 03/2017 | $15,852.52 | 6.75% | $200.00 | $200 to increase to $397.00 in January 2021 |

**§ 3.4   Lien avoidance.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5   Surrender of collateral.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6   Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __4.75__ %.  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor  Letricia Ann Johnson                                           Case number  19-69984

| **Part 4:** | **Treatment of Fees and Priority Claims** |
|---|---|

**§ 4.1  General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2  Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3  Attorney's fees.**

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___5,110.00___.  The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d)  From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___1,342.00___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f)  If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___2,810.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___2,810.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4  Priority claims other than attorney's fees.**

☐ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a)  *Check one.*

☒ The debtor(s) has/have no domestic support obligations.  *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below.  The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| + | **Name and address of creditor:** | **Name and address of child support enforcement agency entitled to § 1302(d)(1) notice** | **Estimated amount of claim** | **Monthly plan payment** |
|---|---|---|---|---|
| - | | | | |

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + | **Name and address of creditor:** | **Estimated amount of claim** |
|---|---|---|
| - | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101 | $0.00 |
| - | Georgia Department of Revenue, 1800 Century Blvd, Ste 17200, Atlanta, GA 30345 | $0.00 |

| Debtor | Letricia Ann Johnson | Case number | 19-69984 |
|---|---|---|---|

### Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6.  Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

■ 100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

■ **None.**  *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**§ 6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

■ **Assumed items.**  Current installment payments will be disbursed directly by the debtor(s).  Arrearage payments will be disbursed by the trustee.  The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| + | Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|---|
| - | P&B Rentals, LLC | Storage Box Lease-Purchase | $0.00 | $0.00 |

### Part 7: Vesting of Property of the Estate

**§ 7.1**  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

### Part 8: Nonstandard Plan Provisions

**§ 8.1  Check "None" or list Nonstandard Plan Provisions.**

☐ **None.**  *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.  (Insert additional lines if needed.)*

**The Trustee shall not treat the claim of the U.S. Department of Housing and Urban Development (Claim No. 2). Payments to be made by the Debtor on the debt owed to U.S. Department of Housing and Urban Development do not come due during the pendency of the Chapter 13 case.  If the payments to the U.S. Department of Housing and Urban Development do become due during the case, Debtor will pay the claim directly.**

Debtor   Letricia Ann Johnson                                                Case number   19-69984

---

| **Part 9:** | **Signatures** |
|---|---|

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below.  The attorney for the debtor(s), if any, must sign below.*

✘   /s/ Letricia Johnson
Signature of debtor 1 executed on   09 / 10 / 2020
                                    MM / DD / YYYY

1240 Huntington Place Cir            Lithonia, GA 30058
Address                              City, State, ZIP code

✘   /s/ Samuel O. Shoaga, 720095
Signature of attorney for debtor(s)

The Semrad Law Firm, LLC
Firm

✘   /s/
Signature of debtor 2 executed on
                                    MM / DD / YYYY

Address                              City, State, ZIP code

Date: 09 / 10 / 2020
      MM / DD / YYYY

235 Peachtree Street NE Suite 300 Atlanta, GA 30303
Address                              City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | { | CHAPTER 13 |
| | { | |
| **Letricia Ann Johnson,** | { | **CASE NO.  19-69984-LRC** |
| | { | |
| | { | |
| DEBTOR. | { | |

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I am more than 18 years of age, and that on this day; I served a copy of the foregoing Chapter 13 plan upon the following by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery:

**Letricia Ann Johnson**
1240 Huntington Place Circle
Lithonia, GA 30058

(*see Creditor Mailing Matrix annexed hereto*)

I further certify that, by agreement of parties, Melissa J. Davey, standing Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

Done, this 11th day of September 2020.

/s/
Samuel O. Shoaga
Ga. Bar No. 720095
The Semrad Law Firm, LLC
235 Peachtree Street NE
Suite 300
Atlanta, Georgia 30303

```
Label Matrix for local noticing          AVANT                                    BANK OF AMERICA
113E-1                                   222 N. LASALLE ST SUITE 1700             450 American St
Case 19-69984-lrc                        CHICAGO, IL 60601-1101                   Simi Valley, CA 93065-6285
Northern District of Georgia
Atlanta
Fri Sep 11 08:41:56 EDT 2020

Peter John Batalon                       Bridgecrest Credit Company LLC           CREDIT ONE BANK NA
The Semrad Law Firm, LLC                 Po Box 29018                             PO BOX 98875
Suite 300                                Phoenix, AZ 85038-9018                   LAS VEGAS, NV 89193-8875
235 Peachtree Street NE
Atlanta, GA 30303-1404

Capital One N.A.                         Carvana LLC                              Melissa J. Davey
by American InfoSource as agent          P O Box 29018                            Melissa J. Davey, Standing Ch 13 Trustee
4515 N Santa Fe Ave                      Phoenix, AZ 85038-9018                   Suite 200
Oklahoma City, OK 73118-7901                                                      260 Peachtree Street, NW
                                                                                  Atlanta, GA 30303-1236

Department Stores National Bank          Department of Justice, Tax Division      Emory Healthcare
c/o Quantum3 Group LLC                   75 Ted Turner Drive SW                   Po Box 102398
PO Box 657                               Civil Trial Section, Southern            Atlanta, GA 30368-2398
Kirkland, WA 98083-0657                  Atlanta, GA 30303-3315


(p)FORD MOTOR CREDIT COMPANY             (p)GEORGIA DEPARTMENT OF REVENUE         Internal Revenue Service
P O BOX 62180                            COMPLIANCE DIVISION                      PO Box 7346
COLORADO SPRINGS CO 80962-2180           ARCS BANKRUPTCY                          Philadelphia, PA 19101-7346
                                         1800 CENTURY BLVD NE SUITE 9100
                                         ATLANTA GA 30345-3202

Internal Revenue Service - Atl           (p)JEFFERSON CAPITAL SYSTEMS LLC         Letricia Ann Johnson
401 West Peachtree St NW Room 1665       PO BOX 7999                              1240 Huntington Place Cir
ATTN: Ella Johnson, M/S 334-D            SAINT CLOUD MN 56302-7999                Lithonia, GA 30058-3028
Atlanta, GA 30308


Brian K. Jordan                          LVNV Funding, LLC                        Ronald A. Levine
Aldridge Pite, LLP                       Resurgent Capital Services               Levine & Block, LLC
Suite 500 - Fifteen Piedmont Center      PO Box 10587                             P.O. Box 422148
3575 Piedmont Road, NE                   Greenville, SC 29603-0587                Atlanta, GA 30342-9148
Atlanta, GA 30305-1636

MACYS/DSNB                               Medallion Bank                           Office of the Attorney General - Atlanta
9111 DUKE BLVD                           c/o Systems & Services Technologies, Inc 40 Capitol Sq Sw
MASON, OH 45040-8999                     PO Box 9013                              Attn: Karrollanne K. Cayce
                                         Addison, Texas 75001-9013                Atlanta, GA 30334-9057


Office of the United States Trustee      OneMain Financial                        OneMain Financial Group, LLC
75 Ted Turner Dr Sw                      PO Box 3251                              PO Box 3251
Atlanta, GA 30303-3315                   Evansville, IN 47731-3251                Evansville, IN 47731-3251



P&B Rentals, LLC                         PERFORMANCE FINANCE                      PMB Rentals LLC
PO Box 489                               10509 PROFESSIONAL CIR S                 c/o Hagwood and Tipton, P.C.
Paris, TN 38242-0489                     RENO, NV 89521-5864                      P.O. Box 726
                                                                                  Paris, TN 38242-0726
```

| | | |
|---|---|---|
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Performance Finance<br>Wayfinder BK as agent for<br>Performance Finance<br>PO Box 64090<br>Tucson, AZ 85728-4090 | SST/MEDALLION<br>4315 PICKETT RD<br>SAINT JOSEPH, MO 64503-1600 |
| SYNCB/CAR CARE SYN CAR<br>PO BOX 965036<br>ORLANDO, FL 32896-5036 | SYNCB/CARE CREDIT<br>C/O P.O. BOX 965036<br>ORLANDO, FL 32896-0001 | SYNCB/LOWES<br>PO BOX 965005<br>ORLANDO, FL 32896-5005 |
| SYNCB/WALMART<br>Po Box 530927<br>Atlanta, GA 30353-0927 | Samuel O. Shoaga<br>The Semrad Law Firm, LLC<br>Suite 300<br>235 Peachtree Street NE<br>Atlanta, GA 30303-1404 | Chad Ralston Simon<br>The Chad R. Simon Law Firm, LLC<br>P.O. Box 80727<br>Atlanta, GA 30366-0727 |
| Special Assistant U.S. Attorney<br>401 W. Peachtree Street, NW, STOP 1000-D<br>Atlanta, GA 30308 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | TD BANK USA/TARGETCRED<br>PO Box 660170<br>Dallas, TX 75266-0170 |
| TD Bank USA, N.A.<br>C O WEINSTEIN & RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | (p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP<br>ATTN ROBERT ZAYAC<br>40 MARIETTA ST SUITE 300<br>ATLANTA GA 30303-2812 | United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 |
| Wayfinder BK as agent for Performance<br>Finance<br>PO Box 64090<br>Tucson, AZ 85728-4090 | Wells Fargo Bank, N.A.<br>Default Document Processing<br>MAC# N9286-01Y<br>1000 Blue Gentian Road<br>Eagan MN 55121-7700 | Wells Fargo Home Mortgage<br>PO Box 10335<br>MAC#X2302-04-e<br>Des Moines, IA 50306-0335 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Ford Motor Credit Company<br>PO Box 62180<br>attn: Ann Bloetscher<br>Colorado Springs, CO 80962 | (d)Ford Motor Credit Company, LLC<br>A Delaware Limited Liability Company<br>Drawer 55-953<br>P.O. Box 55000<br>Detroit, MI 48255-0953 | Georgia Department of Revenue<br>1800 Century Boulevard<br>c/o T Truong<br>Atlanta, GA 30345 |
| Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 | U.S. Department of Housing and Urban Develop<br>40 Marietta Street<br>Atlanta, GA 30303 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Ford Motor Credit Company, LLC, A Delaware

(d)OneMain Financial
PO Box 3251
Evansville, IN 47731-3251

(u)Systems & Services Technologies Inc

(u)Wells Fargo Bank, N.A

End of Label Matrix
Mailable recipients    47
Bypassed recipients     4
Total                  51